UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ROSE EXPOSE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FAY SERVICING, INC., U.S. BANK NATIONAL ASSOCIATION LEGAL TITLE, ATTORNEY LENDER SERVICES, DIANE WEIFENBACH, ESQ., LAW OFFICES OF DIANE WEIFENBACH,<br><br>　　　　Defendants. | No. 2:19-cv-01866-TLN-KJN<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TRO** |

Plaintiff Linda Rose Expose ("Plaintiff") initiated this action on September 17, 2019, against Defendants Fay Servicing, Inc., U.S. Bank National Association Legal Title, Attorney Lender Services, Diane Weifenbach, Esq., and the Law Offices of Diane Weifenbach ("Defendants"), and filed an amended complaint on September 23, 2019 asserting claims for wrongful foreclosure, intentional infliction of emotional distress, and violations of various Federal laws, and seeking 5.5 million dollars in damages against Defendants. (ECF No. 1; ECF No. 4 at 1.) Presently before the Court is Plaintiff's *ex parte* motion for a temporary restraining order ("TRO"), titled "Motion for Non-Judicial Restraining Order-Permanent Injunction and Demand for Emergency Hearing Because of Pending Lawsuit," filed September 18, 2019. (ECF No. 3.) For the reasons set forth below, Plaintiff's motion is DENIED.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the documents attached to Plaintiff's TRO, Plaintiff is the Trustor to a Deed of Trust for the real property located at 5413 Pountsmonth Drive, Salida, California ("Subject Property"). (ECF No. 3 at 19.) Plaintiff purchased the Subject Property on or around April 5, 2006, for approximately $400,000.00, by signing a promissory note. (ECF No. 4 at 9 ¶¶ 13.1, 13.6.) Plaintiff currently disputes the validity of that promissory note. (*Id.*) The Deed of Trust was recorded on August 14, 2006. (ECF No. 3 at 19.) Plaintiff made monthly mortgage payments of $1,281.75 to U.S. Bank National Association, who is not a party to this litigation, from August 2006 until March 2010. (ECF No. 4 at 12 ¶ 15.1–15.2.)

In "late 2019," Defendants Attorney Lender Services and Diane Weifenbach notified Plaintiff she was behind on her mortgage payments and foreclosure proceedings were commenced. (*Id.* at ¶ 15.3.) On or around August 22, 2019, Plaintiff contends she received a Notice of Default from an unspecified attorney. (*See id.* at ¶ 15.4.) Plaintiff asserts she received a Notice of Trustee's sale approximately 30 days later. (*Id.*) The Notice of Trustee's Sale, recorded on August 15, 2019, states that Plaintiff was in default under the Deed of Trust, that the estimated amount of unpaid balance and other charges pertaining to the Subject Property was $462,973.33, and that a foreclosure sale was scheduled to occur at noon on September 18, 2019. (ECF No. 3 at 15–17.)

Plaintiff filed her Motion for TRO in person on September 18, 2019. (ECF No. 3.) The Clerk docketed the Motion on or around 2:58 p.m., nearly three hours after the foreclosure sale was originally set to occur. (*See id.* (notice of electronic filing "entered at 2:58 PM PDT and filed on 9/18/2019.").) Plaintiff then filed an Amended Complaint on September 23, 2019, asserting that the foreclosure sale date was postponed to September 25, 2019, due to a Chapter 13 bankruptcy case Plaintiff had previously filed. (ECF No. 4 at 12 ¶ 15.4.)

The gravamen of Plaintiff's complaint against Defendants is that the foreclosure is void because: (1) the defendant who initiated the foreclosure proceedings did not have standing to do so because s/he is not licensed to practice law (*see id.* at 2 ¶ 1.1, 5–6); (2) the promissory note relating to the Subject Property was sold during the securitization process (*see id.* at 6–7); and (3)

Defendants cannot produce any valid promissory note relating to the Deed of Trust for the Subject Property (*see id.*). It also appears Plaintiff claims that she owns the Subject Property free and clear. (*See id*. at 7; *see also id*. at 9 ¶ 13.2.)

Plaintiff's Motion for TRO asserts Defendants' eviction and foreclosure proceedings must be enjoined or Plaintiff will suffer irreparable harm, presumably the loss of the Subject Property through foreclosure sale and Plaintiff's subsequent eviction from the Subject Property. (*See* ECF No. 3 at 6 ¶¶ 24, 39.)

### II. STANDARD OF LAW

A temporary restraining order is an extraordinary remedy. The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. *See* Fed. R. Civ. P. 65. In general, "[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions." *Aiello v. One West Bank*, No. 2:10-cv-0227-GEB-EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010); *see also* L.R. 231(a).

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*)). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *see also Costa Mesa City Emp.'s Ass'n. v. City of Costa Mesa*, 209 Cal. App. 4th 298, 305 (2012) ("The purpose of such an order is to preserve the status quo until a final determination following a trial."); *GoTo.com, Inc. v. Walt Disney, Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("The status quo ante litem refers not simply to any situation before the filing of a lawsuit, but instead to the last uncontested status which preceded the pending controversy.").

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. A plaintiff must "make a showing on all four prongs" of the *Winter* test to obtain a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135

(9th Cir. 2011). In evaluating a plaintiff's motion for preliminary injunction, a district court may weigh the plaintiff's showings on the *Winter* elements using a sliding-scale approach. *Id.* A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the plaintiff shows that there are "serious questions on the merits...so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* Simply put, Plaintiff must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply in the plaintiff's favor," in order to succeed in a request for preliminary injunction. *Id.* at 1134–35 (emphasis added).

The Eastern District of California Local Rules impose additional requirements for a motion for a temporary restraining order. First, the Court will consider whether the moving party has unnecessarily delayed in seeking injunctive relief. *See* L.R. 231(b). Second, the moving party must provide specific documents to the court in support of the requested temporary restraining order. *See* L.R. 231(c).

**III.  ANALYSIS**

    A.    <u>Unnecessary Delay</u>

Eastern District of California Local Rule 231(b) provides that "the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order." Should the Court find such a delay, the Court may deny the requested TRO on those grounds alone. L.R. 231(b).

Here, the Court finds Plaintiff delayed in pursuing a TRO. Plaintiff was aware of the September 18, 2019, foreclosure sale date when Defendants issued the Notice of Trustee's Sale, which was recorded on August 15, 2019. (ECF No. 3 at 15–17; *see also* ECF No. 1 at 2; ECF No. 4 at 12 ¶ 15.4.) Moreover, Plaintiff received a Notice of Default that alerted her to potential imminent foreclosure proceedings as early as August 22, 2019. (*See id*.) Yet Plaintiff did not seek a TRO until September 18, 2019, the very day the foreclosure sale was initially set to

///

occur (*see* ECF No. 3), and a mere few days prior to the postponed sale date (*see* ECF No. 4 at 12 ¶ 15.4.)[1]

Plaintiff does not claim inadequate notice of the current sale date, nor does she claim she was somehow prevented from seeking a preliminary injunction earlier. Indeed, it is unclear why Plaintiff did not file a lawsuit challenging the validity of the foreclosure notice earlier. Plaintiff's filing of the instant lawsuit the day before her Motion for TRO does not excuse her failure to seek a preliminary injunction sooner. *See Mammoth Specialty Lodging, LLC v. We-Ka-Jassa Inv. Fund, LLC*, No. CIV-S10-0864-LKK-JFM, 2010 WL 1539811, at *2 (E.D. Cal. Apr. 16, 2010) (denying a TRO application solely based on Local Rule 231(b) because "plaintiff did not file the motion until four business days before the scheduled foreclosure sale"); *Avila v. Citi Mortg. Inc.*, No. 1:17-cv-1581-LJO-BAM, 2017 WL 5871473, at *1 (E.D. Cal. Nov. 29, 2017) (finding it appropriate to deny plaintiff's TRO request under Local Rule 231(b) because plaintiff received ample notice of foreclosure sale and failed to "explain why he waited until the last possible moment to attempt to block the sale.")

For the foregoing reasons, the Court exercises its discretion under Local Rule 231(b) to DENY Plaintiff's Motion for TRO.

### B. Procedural Deficiencies

In addition to Plaintiff's delay, there are procedural grounds supporting the Court's denial of Plaintiff's motion as well. Eastern District of California Local Rule 231(c) requires other documents to be filed in conjunction with a motion for a TRO, including proposed orders and bond information — documents Plaintiff failed to submit. However, even if the Court were to overlook these defects, as Plaintiff is proceeding *pro se*, the Court cannot overlook all of the defects in Plaintiff's request. *See* L.R. 231(c).

Specifically, there is no indication from Plaintiff that she notified (or even attempted to notify) Defendants of her intention to seek a TRO; nor does Plaintiff identify any reasons for her

---

[1] The Court notes Plaintiff did not provide notice in her Motion for TRO that the foreclosure date had been postponed from September 18, 2019 to September 25, 2019, but instead alleges the postponement for the first time in her Amended Complaint, filed on September 23, 2019. (*See* ECF No. 4; *see also* ECF Nos. 1 & 3.)

failure to provide such notice. *See id*. In addition, Plaintiff did not submit an affidavit outlining the substantial injury that would befall her in the absence of a TRO. *See id*. Nor has Plaintiff submitted a proposed order, which must contain provisions for issuing a bond, for scheduling the filing of responsive papers, and for notifying the affected parties of their right to apply for an order modifying or dissolving the TRO. *See id*.

These procedural failings alone are sufficient to justify denial of Plaintiff's motion. *See Holcomb v. Cal. Bd. of Psychology*, No. 215-cv-02154-KJM-CKD, 2015 WL 7430625, at *3 (E.D. Cal. Nov. 23, 2015) (indicating that the district court had previously "denied plaintiff's motion [for TRO and preliminary injunction] without prejudice for failure to provide the required documents in compliance with Local Rule 231(c)"). And for this reason as well, Plaintiff's Motion for TRO is DENIED.

### C. Likelihood of Success on the Merits

Finally, and most significantly, Plaintiff has failed to establish she is likely to succeed on the merits of her underlying claims, nor has she raised serious questions going to the merits of those claims. Specifically, Plaintiff contends the foreclosure is void and she owes no debt because: (1) the defendant who initiated the foreclosure proceedings did not have standing to do so because s/he is not licensed to practice law (*see id*. at 2 ¶ 1.1, 5–6); (2) the promissory note relating to the Subject Property was sold during the securitization process (*see id*. at 6–7); and (3) Defendants cannot produce any valid promissory note relating to the Deed of Trust for the Subject Property (*see id.*). Based on these contentions, Plaintiff purports to assert claims for wrongful foreclosure, violations of the Fair Debt Collection Practices Act (FDCPA), violations of the Truth in Lending Act, breach of contract, violation of Federal trust and lien laws, slander of title, slander of credit, and infliction of emotional distress. (ECF No. 4 at 16–17.)

None of these claims, however, are supported by any factual allegations in Plaintiff's complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("While detailed factual allegations are not required, a complaint must have sufficient allegations to state a claim to relief that is plausible on its face.") (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotations omitted)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (courts may not

"supply essential elements of the claim that were not initially pled."). Instead, Plaintiff merely recites statements of law pertaining to each of her claims, followed by the conclusory assertion that unspecified Defendants violated them. Moreover, some of Plaintiff's claims appear to fail on the face of the Amended Complaint. For example, Plaintiff's wrongful foreclosure claim is premature, as the foreclosure sale date has not yet occurred. (*See* ECF No. 4 at 12 ¶ 15.4.) And Plaintiff's breach of contact claim fails because she fails to allege a legally-valid excuse for her own non-performance. (*See* ECF No. 4 at 12 ¶ 15.2 (Plaintiff concedes she stopped making payments on the promissory note in March 2010)); *see also Bank of America, N.A. v. Roberts*, 217 Cal. App. 4th 1386, 1392–93 (2013) (elements of claim).

In sum, Plaintiff's unsupported arguments do not establish she is likely to succeed on the merits of her claims, or even that there are serious questions going to the merits of those claims. Accordingly, Plaintiff's Motion for TRO must be DENIED for this additional reason.

### IV. CONCLUSION

For the reasons set forth above, Plaintiffs' *ex parte* Motion for TRO, titled "Motion for Non-Judicial Restraining Order-Permanent Injunction and Demand for Emergency Hearing Because of Pending Lawsuit" (ECF No. 3), is DENIED without prejudice.

IT IS SO ORDERED.

Dated: September 24, 2019

_____
Troy L. Nunley
United States District Judge