UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ROSE EXPOSE, | No. 2:19-cv-1866-TLN-KJN PS |
| Plaintiff, | <u>ORDER DENYING IFP APPLICATION</u> |
| v. | (ECF No. 2) |
| FAY SERVICING, INC., et al., | |
| Defendants. | |

Presently pending before the court is plaintiff's motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) The court may authorize the commencement of an action "without prepayment of fees or security therefor" by a person that is unable to pay such fees or provide security therefor. 28 U.S.C. § 1915(a)(1). Presently, a filing fee of $400.00 is required to commence a civil action in this court.

Here, the court cannot find that plaintiff is unable to pay, or provide security for, the court filing fee. The affidavit in support of the motion indicates that plaintiff's gross wages are $3,200.00 per month, i.e., $38,400.00 annually. According to the United States Department of Health and Human Services, the poverty guideline for a household of 1 person (as indicated by her IFP affidavit) not residing in Alaska or Hawaii is $12,490.00 for 2019. <u>See</u>

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21).

1

https://aspe.hhs.gov/poverty-guidelines.  Thus, plaintiff's gross household income is in excess of 300% of the 2019 poverty guideline.  Additionally, though plaintiff asserts her mortgage payments are $1281.75 per month, and associated utility payments are $600, other portions of the record indicate that she has been evicted from her home.  (See ECF Nos. 3, 6.)  She also contradictorily asserts in her first amended complaint that her mortgage debt is "zero."  (ECF No. 4 at ¶ 13.2.)  Thus, plaintiff appears to have resources at her disposal, requiring her application for IFP be denied.

To be sure, the court is sympathetic to the fact that plaintiff does not have a large income by any measure.  However, numerous litigants in this court have significant monthly expenditures, and may have to make difficult choices as to which expenses to incur, which expenses to reduce or eliminate, and how to apportion their income between such expenses and litigating an action in federal court.  Such difficulties in themselves do not amount to indigency.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is denied; and
2. Within 28 days of this order, plaintiff shall pay the applicable filing fee.  Failure to timely pay the filing fee, or timely request an extension of time to do so, will result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

**DATED:** September 27, 2019

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE