UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ROSE EXPOSE,<br><br>           Plaintiff,<br><br>    v.<br><br>FAY SERVICING, INC., et al.,<br><br>           Defendants. | No. 2:19-cv-1866-TLN-KJN PS<br><br><u>FINDINGS AND RECOMMENDATIONS<br>AND ORDER ON PLAINTIFF'S MOTIONS</u><br><br>(ECF Nos. 2, 7, 13.) |

      Plaintiff filed a complaint against Defendants in connection with a foreclosure proceeding. (<u>See</u> the First Amended Complaint at ECF No. 4.) Therein, she asserts claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et al., and the Truth in Lending Act, 15 U.S.C. §§ 1601 et al., as well as various state law claims. (<u>Id.</u>) Alongside this Complaint, Plaintiff filed a temporary restraining order, which was denied by the district judge. (ECF Nos. 3, 6, 8, 10.) Relevant here, Plaintiff submitted a request to proceed in forma pauperis (ECF No. 2), a motion for sanctions (ECF No. 7), and a "Motion to remove a civil case to federal court" (ECF No. 13).

      After the undersigned informed Plaintiff of deficiencies in her IFP application, she requested that a payment plan be set up for the $400 filing fee. (ECF No. 14.) The undersigned granted the extension, but Plaintiff failed to make the first payment. However, given the delay in processing of the order, it is unlikely the order reached Plaintiff by mail with enough time for her to meet the first deadline. Thus, the undersigned will vacate the order on Plaintiff's IFP motion

1

(ECF No. 9) as well as the order granting an extension of time (ECF No. 15), and instead submit new findings and recommendations on Plaintiff's IFP motion as follows. First, the undersigned recommends the district court deny Plaintiff's initial motion to proceed in forma pauperis because Plaintiff's household income is 300% of the poverty line and her expenses leave for leftover income to pay the filing fee. See Tripati v. Rison, 847 F.2d 548 (9th Cir. 1988). Second, the undersigned recommends granting Plaintiff's request for a payment plan on the filing fees, and recommends a $50 per month payment be due by the following dates:

- December 2, 2019;
- January 6, 2020;
- February 3, 2020;
- March 2, 2020;
- April 3, 2020;
- May 1, 2020
- June 1, 2020; and
- July 1, 2020.

The undersigned recognizes that requiring payment of the full fee may place a strain on Plaintiff's budget, and so this schedule will give Plaintiff more time to make her first payment. Third, the undersigned recommends that once Plaintiff has paid the filing fee in full, she be allowed to move forward with serving Defendants with process. See Local Rule 121(c) ("Advance Payment of Fees. Except as required by law, or as otherwise directed by the Court, the Clerk shall not file any paper, issue any process, or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States unless the fee is prepaid.").

Given this context, the undersigned also recommends Plaintiff's motion for sanctions under Rule 11 (ECF No. 7) be denied, as it is not yet ripe for determination. The undersigned expresses no opinion on the merits of Plaintiff's contentions expressed in her motion, but only notes that none of Defendants are aware of Plaintiff's motion—as the complaint has yet to be served. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1109 (9th Cir. 2005) ("[N]otice and an opportunity to be heard are indispensable prerequisites for . . . sanctions[.]").

Finally, the undersigned has reviewed Plaintiff's filing entitled "Motioin [sic] to remove a civil case to federal court pursuant to 28 U.S. Code § 1446." This three–page filing appears deficient and out of place in this action. A notice of removal would typically be filed as its own

case and would be accompanied by "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." See 28 U.S.C. § 1446(a). Plaintiff's filing asserts a "special appearance . . . under the supplemental rules of Admiralty, Rule E (8)," makes general statements about a "justice court [lacking] jurisdiction . . . to resolve issues regarding title to real property," and somewhat confusingly asserts this court has no jurisdiction to resolve her suit. (ECF No. 13.) Plaintiff's filing does not meet the requirements of Section 1446, and so the undersigned recommends this motion be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. The Court's Orders on Plaintiff's motion to proceed in forma pauperis and motion for extension of time (ECF Nos. 9 and 15) are VACATED;
2. The hearing on Plaintiff's motion for sanctions (ECF No. 7), currently set for November 14, 2019 (ECF No. 12) is VACATED; and
3. In light of the findings and recommendations below, all pleading, discovery, and motion practice in this action are stayed pending resolution of the findings and recommendations. Except for objections to the findings and recommendations, any non-frivolous motions for emergency relief, or payment of the filing fee on the above payment plan, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;
2. Plaintiff be required to pay the $400 filing fee as per the payment plan detailed above;
3. Plaintiff's Motion for Sanctions (ECF No. 7) and her removal Motion (ECF No. 13) be DENIED WITHOUT PREJUDICE; and
4. Plaintiff be informed that a failure to timely pay her installments on the filing fee, or timely request an extension of time to do so, will result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge

assigned to the case, as per 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998).

    IT IS SO ORDERED AND RECOMMENDED.

Dated:  November 6, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

expo.1866