UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ROSE EXPOSE,<br><br>              Plaintiff,<br><br>         v.<br><br>FAY SERVICING, INC., et al.,<br><br>              Defendants. | No.  2:19-cv-1866-TLN-KJN PS<br><br>ORDER TO SHOW CAUSE |

Plaintiff, proceeding pro se, filed the instant action, paid the filing fee over a number of months by payment plan, and satisfied the filing fee in July of 2020.  On July 2, 2020, the Clerk of the Court issued a summons, and the undersigned's initial scheduling order was issued.  (See ECF No. 21.)  The scheduling order required plaintiff to serve defendants within 90 days.  (See ECF No. 23.)  This is also required by Rule 4 of the Federal Rules of Civil Procedure:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  To date, the record does not reflect that plaintiff has attempted service on defendants.  Thus, plaintiff's complaint is on the verge of being dismissed.

The court is in receipt of a note from plaintiff, signed July 20, 2020, requesting the court

1

allow mail service due to COVID-19. (ECF No. 24.) California's rule does allow for mail service on an individual defendant, but only after service could not be made "with reasonable diligence" using other methods. Cal. Civ. Pro. § 415.20, see also Rule 4(e)(1) (allowing for service according to California's Rules of Civil Procedure). The other methods of service on a person in the United States, as per California and Federal law, include:

    (A)    delivering a copy of the summons and of the complaint to the individual personally;
    (B)    leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
    (C)    delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Additionally, a plaintiff can serve a Corporation located in the United States by the same rules as Rule 4(e) or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant."

        Here, plaintiff's note does mention the hardship caused by the pandemic, and the court is very cognizant of this fact. However, plaintiff provides no explanation why the pandemic has limited her ability to hire a process server to effectuate service, or for that matter, utilize the services of "[a]ny person who is at least 18 years old and not a party" to serve defendants. Fed. R. Civ. P. 4(c)(2). Thus, no good cause yet exists to allow for mail service under California law.

        Accordingly, IT IS HEREBY ORDERED that:

1. By October 21, 2020, plaintiff shall file a statement with the court asserting any additional good cause reasons why she has failed to serve defendants pursuant to Federal Rule of Civil Procedure 4.

2. Failure to respond to this order, or failure to show good cause for the lack of service of process, will result in dismissal of plaintiff's case without prejudice.

Dated: October 7, 2020

, expo.1866

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE