UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ROSE EXPOSE,<br><br>             Plaintiff,<br><br>     v.<br><br>FAY SERVICING, INC., et al.,<br><br>             Defendants. | No.  2:19-cv-1866-TLN-KJN PS<br><br>WITHDRAWAL OF ORDER TO SHOW CAUSE AND ORDER TO SERVE |

Plaintiff, proceeding pro se, filed the instant action, paid the filing fee over a number of months by payment plan, and satisfied the filing fee in July of 2020.  On July 2, 2020, the Clerk of the Court issued a summons, and a scheduling order was issued.  (See ECF No. 21.)  The scheduling order required plaintiff to serve defendants within 90 days.  (See ECF No. 23.)  On July 23, plaintiff filed a "Motion to Request to Mail Summons by Certified Mail."  (ECF No. 24.)

On October 7, 2020 the undersigned issued an Order to Show Cause, requiring plaintiff to explain why defendants had not been served or risk dismissal of her case.  (See ECF No. 26.)  In the same order, the court also outlined service of process requirements under both Federal law and California law.  Id.  Plaintiff responded, explaining she had been unsuccessful in her efforts to secure a process server, and again requested mail service.  (See ECF No. 28 at 1.)  To date, the record does not reflect that plaintiff has attempted service through any method on defendants.

///

1

Under Federal Law, for service of process on a corporation, plaintiff can serve "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Fed. R. Civ. Pro. § 4(h).  Any person who is at least 18 years old and not a party to the lawsuit can carry out service of process.  Fed. R. Civ. Pro. 4(m).  Federal law also permits service of process under a state's service of process rules.  Fed. R. Civ. Pro. § 4(h)(1)(A).  Under California law, personal service on a corporation may be had in a manner similar to federal law.  See Cal. Civ. Pro. § 416.10 (providing a list of individuals with authority to receive service on behalf of a corporation).

Given that plaintiff has responded to the court's order to show cause, and given her pro se status, the court withdraws its order to show cause, and declines to dismiss the case at this point.  However, the court cannot grant plaintiff leave to serve defendants by mail at this time.[1]  Mail service is not permitted under federal law, and while California law does permit this form of substitute service,[2] the law is clear that personal service must be diligently attempted before substituted service may be performed.  See Bonita Packing Co. v. O'Sullivan, 165 F.R.D. 610, 613 (C.D. Cal. 1995); see also 1 Cal. Affirmative Def. § 2:14 (2d ed.) (discussing Cal. Civ. Pro. § 415.20(b)) ("The requirement that the plaintiff attempt personal service with reasonable diligence before use of substituted service is mandatory . . . [if] the requirement is not satisfied, the substituted service will be ineffective").  Usually, two or three attempts at personal service will satisfy the requirement of reasonable diligence.  Bonita Packing, 165 F.R.D. at 613.

---

[1] The court also notes plaintiff's statement that she felt condescended to in the Order to Show Cause.  (ECF No. 28 at 2).  This is not the court's intent.  However, the court cannot advise plaintiff on the exact steps to take in her attempt to serve defendants.  The court can only enforce the rules as written, and plaintiff's case is not yet in a place where mail service is appropriate under the rules.

[2] See Cal. Civ. Pro. § 415.30(a); see also, e.g., Wang v. Governor of California, 539 F. App'x 733 (9th Cir. 2013) ("Although California law does permit [substitute] service of a summons by mail, such service is valid only if a signed acknowledgment is returned and other requirements are complied with.").

2

The Court recognizes the difficulties in proceeding pro se, especially during the current pandemic. However, California has not instituted any rules relieving plaintiff of her duty to personally serve defendants. Further, the court is generally aware that process servers are still available to serve process in California, as is evident by the many cases filed in this district since the pandemic began. Thus, while the court is sympathetic to plaintiff's plight, the fact that some process servers have not returned her call is insufficient to ignore the rules set by the California legislature.

For these reasons, the court finds no good cause yet exists to allow for mail service under California law, as plaintiff has not shown that service of process cannot be made with reasonable diligence. Plaintiff is granted additional time to attempt service on defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. The Order to Show Cause (ECF No. 26) is WITHDRAWN;
2. By December 14, 2020, plaintiff shall effectuate personal service of process on defendants;
3. Given the court's order, the status conference, currently scheduled for December 3, 2020, is VACATED, and will be rescheduled once defendants have entered their appearance.

Dated:  November 13, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

expo.1866