UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ROSE EXPOSE,<br><br>    Plaintiff,<br><br>    v.<br><br>FAY SERVICING, INC., et al.,<br><br>    Defendants. | No. 2:19-cv-1866-TLN-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO SERVE |

On September 17, 2019, plaintiff, proceeding pro se, filed a complaint against defendants and sought to proceed in forma pauperis. (ECF Nos. 1, 2.) The undersigned recommended IFP be denied and plaintiff be allowed to pay the filing fee in installments; the district court adopted these recommendations. (ECF Nos. 16, 17.) Thereafter, plaintiff satisfied the filing fee, and the clerk of the court issued service documents in early July of 2020. (ECF Nos. 21, 22, 23.) In October, the court ordered plaintiff to state why she had not served defendants. (ECF No. 26.) Plaintiff responded, indicating she was awaiting a prior request to serve by mail. (ECF No. 27.) On November 13, the court withdrew its order to show cause, indicated that service by mail was inappropriate at the time, and provided plaintiff until December 14, 2020, to serve defendants. (ECF No. 28.) The deadline has passed, and plaintiff has again failed to demonstrate she has served defendants.

///

1

1    Instructions for service of process are contained in Rule 4 of the Federal Rules of Civil
2    Procedure.  Service of the summons and complaint must occur within 90 days of filing the
3    complaint, unless otherwise ordered.  Fed. R. Civ. P. 4(c)(1).  If a defendant is not served by the
4    deadline, the court—on motion or on its own after notice to the plaintiff—must dismiss the action
5    without prejudice against that defendant or order that service be made within a specified time.
6    Fed. R. Civ. P. 4(m).

7    Here, plaintiff was provided service documents in July 2020, and was granted additional
8    time to effectuate service in November.  Six months have now passed without service of process.
9    Ordinarily, pro se plaintiff are given great latitude in prosecuting their case, given their
10   unfamiliarity with the legal system and federal rules.  See, e.g., Eriksen v. Washington State
11   Patrol, 2006 WL 994750, at *1 (E.D. Wash. Apr. 7, 2006) ("Generally pro se litigants are allowed
12   more latitude than litigants represented by counsel to correct defects in service of process and
13   pleadings.") (quoting Moore v. Agency for Intern. Development, 994 F.2d 874 (D.C. Cir. 1993)).
14   However, pro se status in-and-of itself is not sufficient to show good cause for failure to serve.
15   Townsel v. Contra Costa County, 820 F.2d 319, 320 (9th Cir. 1987) (noting that ignorance of or
16   confusion about service requirements does not constitute "good cause" for failure to serve).  In
17   October, plaintiff requested mail service, but had not shown reasonable diligence, and offered no
18   other good cause explanation.  Given the lack of good cause and failure to serve, this case should
19   be dismissed.  See Fed. R. Civ. P. 4(m); see also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.
20   1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants").

21   Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's claims be DISMISSED
22   WITHOUT PREJUDICE, and the Clerk of the Court be directed to CLOSE this case.

23   These findings and recommendations are submitted to the United States District Judge
24   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
25   after being served with these findings and recommendations, any party may file written
26   objections with the court and serve a copy on all parties.  Such a document should be captioned
27   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
28   objections shall be served and filed within fourteen days after service of the objections.  The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 13, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

expo.1866